# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADELPHIA GATEWAY, LLC,<br>*Plaintiff* | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| TEMPORARY EASEMENT FOR 0.022<br>ACRES IN CITY OF CHESTER,<br>DELAWARE COUNTY, PENNSYLVANIA,<br>TAX PARCEL NUMBER 49-11-00136-00,<br>2629 WEST SECOND STREET,<br>CHESTER, PA 19013 *et al.*,<br>*Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : | No. 20-2069 |

## ORDER

**AND NOW**, this _26th_ day of June, 2020, upon consideration of Adelphia Gateway, LLC's Motion for Partial Summary Judgment (Doc. No. 12) and Motion for Preliminary Injunction (Doc. No. 13), it is **ORDERED**, for the reasons set forth in the accompanying Memorandum, that:

1. The Motion for Partial Summary Judgment (Doc. No. 12) is **GRANTED**. Adelphia has the substantive right to condemn on Tax Parcel Number 49-11-00136-00 a temporary easement of 0.022 acres for use during the course of construction and restoration of the pipeline and facilities, as described in the drawing attached as Exhibit A to the Verified Complaint, for the purpose of construction and restoration, including but not limited to the right to enter on, clear off (including the removal of all trees and vegetation), grade, install temporary fencing, berms, and erosion and sedimentation controls, and any other construction activity necessary to construct the pipeline and facilities as required by the Order of the Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019).

1

2. The Motion for Preliminary Injunction (Doc. No. 13) is **GRANTED**.

   a. Upon filing the bond required below, Adelphia is granted access to, possession of, and entry to the Rights-of-Way referenced in paragraph 1 of this Order for all purposes allowed under the Order of the Federal Energy Regulatory Commission dated December 20, 2019, Docket No. CP18-46-000, 169 FERC ¶ 61,220 (2019), including construction and restoration purposes not limited to the right to enter on, clear off (including the removal of all trees and vegetation), grade, install temporary fencing, berms, and erosion and sedimentation controls, and any other construction activity necessary to construct the pipeline and facilities.

   b. In the event of a violation of this Order by Defendants, such as interference with Adelphia's possession of the Rights of Way by Defendants or by third parties who are authorized by Defendants to be on the Property, the U.S. Marshal Service, or a law enforcement agency it designates, shall be authorized to investigate and to arrest, confine in prison and/or bring before the Court any persons found to be in violation of this Order and in contempt of this Order, pending their compliance with the Court's Order.

   c. Adelphia shall post a bond in the amount of $3,000.00 as security for the payment of just compensation to Defendants;[1] and

---

[1] Federal Rule of Civil Procedure 65(c) instructs that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "The amount of the bond is left to the district court's discretion." *Howmedica Osteonics v. Zimmer Inc.*, 461 F. App'x 192, 198 (3d Cir. 2012) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010)). When setting the bond amount, "[d]istrict courts tend to err on the 'high side' considering that 'the only recourse against wrongful enjoinment is against the bond.'" *UGI Sunbury LLC v. A Permanent Easement for 2.4645*