IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADELPHIA GATEWAY, LLC** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TEMPORARY EASEMENT FOR 0.022** | : | **No. 20-2069** |
| **ACRES IN CITY OF CHESTER,** | : | |
| **DELAWARE COUNTY,** | : | |
| **PENNSYLVANIA,** *et al.*, | : | |
| *Defendants* | : | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                                      **July 17, 2024**

Adelphia Gateway ("Adelphia") brought this condemnation action to build a pipeline on the defendants' property pursuant to the Natural Gas Act. The pipeline has been built, and now Adelphia moves for summary judgment on the issue of just compensation. (ECF No. 27.) The defendant landowners have not participated in this litigation. For the reasons that follow, I will grant Adelphia's motion for summary judgment.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Adelphia instituted the present condemnation action in April 2020 pursuant to the Natural Gas Act, seeking rights of way to construct a pipeline that had been approved by the Federal Energy Regulatory Commission. In June 2020, The Honorable Gene E.K. Pratter granted Adelphia's motions for partial summary judgment and a preliminary injunction, confirming Adelphia's right to condemn the rights of way and access the land at issue to complete construction upon posting a bond. (ECF No. 14.) Adelphia posted bond and completed construction within twelve months. Adelphia is no longer using the rights of way on the property at issue.

1

The landowners in this action, who are the intestate heirs of Lucille Paden, have not participated in this litigation. Adelphia served them with requests for admissions in March 2023, and the landowners never responded.

Adelphia obtained an appraisal of the temporary rights of way, which were worth $170. (ECF No. 27, Ex. 3.) Having received no response from the defendants regarding just compensation in this matter, Adelphia now moves for summary judgment, requesting that the Court enter judgment for the amount of compensation owed in the amount of $170 against Adelphia and in favor of the landowners. This matter was reassigned to my docket after the untimely passing of Judge Pratter.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate

the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

**III.   DISCUSSION**

There is no factual dispute about just compensation in this matter. The landowners failed to respond to the requests for admission that Adelphia served on March 30, 2023, and they are therefore deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). The United States Court of Appeals for the Third Circuit has held that "deemed admissions" are "sufficient to support orders of summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Rev.*, 922 F.2d 168, 176 n.7 (1990) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

Pennsylvania law is the "standard of measuring just compensation in condemnation proceedings by private entities acting under the authority of the [Natural Gas Act]." *See Tennessee Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 255 (3d Cir. 2019). Under Pennsylvania law, just compensation equals the difference between the fair market value of the condemned property "immediately before the condemnation" and the fair market value of the

3

property interest remaining "immediately after the condemnation and as affected by the condemnation." 26 Pa. Cons. Stat. § 702(a).

The landowners have admitted that the fair market value of their property prior to this condemnation action was $3,920, and its fair market value afterwards was $3,750. (ECF No. 27, Ex. 3.) The difference is $170, which is the amount of just compensation the landowners are owed. The landowners have submitted no contrary evidence. Therefore, I will grant Adelphia's motion for summary judgment. *Cf. Dominion Energy Transmission, Inc. v. 2.21 Acres of Land, More or Less*, 2020 WL 127985, at *1–2 (N.D.W. Va. Jan. 10, 2020) (granting condemnor's summary judgment motion where defendant landowners did not participate in litigation); *Millennium Pipeline Co. L.L.C. v. Certain Permanent & Temp. Easements*, 919 F. Supp. 2d 297, 302 (W.D.N.Y. 2013) (Because landowner "offered no competent, admissible proof demonstrating the existence of any genuine issues of material fact as to the just compensation owed him in connection with the easement at issue[,] . . . [t]he Court . . . accepts the conclusion of [condemnor's] expert witness" regarding just compensation).

## IV.    CONCLUSION

For the foregoing reasons, I will grant Adelphia's motion for summary judgment. An appropriate order follows.